UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-114-RLV
(5:11-cr-11-RLV-1)

| | |
|---|---|
| ADAM JOE LOUIS JORDAN, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Respondent's motion to hold this action in abeyance. (Doc. 6.) Petitioner is represented by the Federal Defenders of Western North Carolina. According to Respondent's motion, counsel for Petitioner does not object to the request. (Id. at 2.)

On September 14, 2011, Petitioner was convicted of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a)) ("Count One"), Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)) ("Count Three"), and Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g) ("Count 13"). On March 4, 2013, this Court sentenced Petitioner to 151 months on Counts One and 13 and to 84 months consecutive on Count Three, for a an aggregate sentence of 235 months' imprisonment. (Mot. to Vacate 1, Doc. No. 1.)

On June 21, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges his § 924(c) conviction and sentence, arguing that the predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" under Johnson v. United States, 135 S. Ct. 2551 (2015). In

1

Johnson, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," but the decision did not address § 924(c)'s residual clause. See id. at 2563.

On December 13, 2016, Respondent filed the instant motion to hold this action in abeyance pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. (Doc. No. 6.) Both appellants contend that, under Johnson, the definition of "crime of violence" in the residual clause of § 924(c) is unconstitutionally vague. Additionally, the Fourth Circuit is considering in both appeals whether a Hobbs Act robbery can be considered a "crime of violence" under § 924(c)'s residual clause in light of Johnson. The court is holding Ali in abeyance pending the Supreme Court's decision in Lynch v. Dimaya, Case No. 15-1498.

For the reasons stated by Respondent, and with Petitioner's consent, the Court concludes that Respondent's motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255 Motion to Vacate in abeyance (Doc. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is held in abeyance pending the Supreme Court's decision in Lynch v. Dimaya, Case No. 15-1498 and the Fourth Circuit's decision in United States v. Simms, No. 15-4640. Respondent shall have 60 days from the later of those two decisions to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

Signed: December 15, 2016

Richard L. Voorhees
United States District Judge