# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:16-cv-00114-KDB
# (CRIMINAL CASE NO. 5:11-cr-00011-KDB-DSC-1)

| | |
|---|---|
| **ADAM JOE LOUIS JORDAN, III,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 12]. The Petitioner is represented by Jared Paul Martin and Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I.     BACKGROUND

On February 15, 2011, Petitioner Adam Joe Louis Jordan, III ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One); six counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1952 and 2 (Counts Two, Four, Five, Seven, Nine, and Eleven); five counts of aiding and abetting the using, carrying, and brandishing of a firearm in furtherance of a crime of violence, that is Hobbs Act robbery as charged in Counts Two, Five, Seven, Nine, Eleven in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Six, Eight, Ten, Twelve); and one count of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:16-cv-00114-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:11-cr-00011-KDB-DSC-1.

being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (Count Thirteen). [CR Doc. 1: Indictment]. Counts Two and Three of the Bill of Indictment, which are implicated in the petition before the Court, read as follows:

### COUNT TWO

…

On or about October 19, 2009, in Iredell County, within the Western District of North Carolina and elsewhere, the defendants [Petitioner] [and] Stephen Jaquay Heeler did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and **the movement of articles and commodities in commerce, by robbery**, in that they did unlawfully take property of the Family Dollar … of United States currency and other items, from the person and in the presence of one or more persons, against their will and **by means of actual and threatened force, violence, and fear of immediate and future injury**, and did aid, abet, counsel, command, induce and procure each other in the commission of said offense.

All in violation of Title 18, United States Code, Sections 1951 and 2.

### COUNT THREE

On or about October 19, 2009, in Iredell County, within the Western District of North Carolina and elsewhere, the defendants [Petitioner] [and] Stephen Jaquay Heller aiding and abetting each other, **during and in relation to a crime of violence, that is, interference with commerce by threats and violence, a violation of Title 18, United States Code, Section 1951, as charged in Count Two**, for which they may be prosecuted in a court of the United States, did knowingly, and unlawfully use and carry one or more firearms, and, in furtherance of such crime of violence, did possess said firearms.

It is further alleged that one or more of said firearms were brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Sections 924(c) and 2.

[CR Doc. 1 at 2-3 (emphases added)].

Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One, Three, and Thirteen of the Indictment and the Government agreed to dismiss Count Two and Counts Four through Twelve. [CR Doc. 51 at 1: Plea Agreement; CR Doc. 54 at 1: Amended Plea Agreement]. On September 14, 2011, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 55: Entry and Acceptance of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 69: PSR]. The probation officer found Petitioner's criminal history category to be IV and his Total Offense Level to be 30. [Id. at ¶¶ 93, 106]. Petitioner's statutory term of imprisonment for Count Three was a minimum of seven years to life. 18 U.S.C. 924(c). The resultant guidelines range for imprisonment was 135 to 168 months followed by a mandatory consecutive sentence of 7 years. [Id. at ¶¶ 135-36]. Petitioner's sentencing hearing was held on March 4, 2013. The Court sentenced Petitioner to 151 months on each of Counts One and Thirteen, to be served concurrently, and a term of 84 months on Count Three, to be served consecutively to the terms imposed on Counts One and Thirteen, for a total term of 235 months' imprisonment. [CR Doc. 111 at 2: Judgment]. Judgment on this conviction was entered on March 8, 2013. [Id.]. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction. [CR Doc. 123].

On June 21, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 4]. The Court then stayed the matter pending the Supreme Court's decision in Lynch v. Dimaya, Case No. 15-1498, and the Fourth Circuit's decision in United States v. Simms, No. 15-4640. [CV Doc. 7]. After Dimaya and Simms were decided, the Court continued to hold the case in abeyance pending the Supreme Court's

decision in United States v. Davis, No. 18-431. [CV Doc. 9]. The Supreme Court decided Davis on June 24, 2019. Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 10]. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 12]. The Petitioner responded to the Government's motion [Doc. 14] and the Government replied [Doc. 16].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Three was imposed in violation of the Constitution and laws of the United States. [See CV Doc. 1 at 1; CV Doc. 10 at 1-3].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563.

The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Petitioner argues his § 924(c) conviction is invalid under Johnson. [CV Doc. 1 at 1; CV Doc. 10 at 1-3]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charge of aiding and abetting Hobbs Act robbery can qualify as § 924(c) "crimes of violence" only under the force clause.[2] [CV Doc. 1 at 4]. Three years after the

---

[2] In Petitioner's Supplemental Memorandum, Petitioner argues, in part, that there is uncertainty as to whether Petitioner pleaded guilty to Count Three based on a *conspiracy* to commit Hobbs Act robbery predicate or an *aiding and abetting* Hobbs Act robbery predicate and that the law demands that this uncertainty be resolved in Petitioner's favor. [CV Doc. 10 at 5-9]. Plaintiff contends, therefore, that his § 924(c) conviction based on a Hobbs Act conspiracy predicate is invalid under United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019). [See Doc. 10 at 2]. There is, however, no such uncertainty. It is true, as Petitioner contends, that during Petitioner's Plea and Rule 11 Hearing, the Government inadvertently and indirectly referred to the § 924(c) predicate as conspiracy to commit Hobbs Act robbery in describing the

5

Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019).  In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague."  139 S. Ct. at 2336.  As such, Petitioner's conviction on Count Three is only valid if aiding and abetting Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.

Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" "because use of force is not necessarily an element of aiding and abetting."  [Doc. 10 at 10].  This argument, however, is legally unsupported.

Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law."  United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal").  United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery."  In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016).  Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."  United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).  Aiding and

---

possible punishments for each charge to which Petitioner was pleading guilty.  [CR Doc. 100 at 4-5: Plea Hearing Tr.].  The Indictment, the Plea Agreement, and the charges as specifically enumerated at the outset of Petitioner's Plea and Rule 11 hearing, however, are clear and unambiguous.  [CR Docs. 1, 54, and 100 at 4-5].  There is simply no doubt that the Petitioner pleaded guilty to § 924(c) based on an aiding and abetting Hobbs Act robbery predicate.  The Court, therefore, declines to further address this issue.

abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 12] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on

procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 8, 2020

Kenneth D. Bell
United States District Judge